UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT DRAWN,

    Plaintiff,

    v.

PEOPLE OF THE STATE OF CALIFORNIA,

    Defendant.

Case No. 15-cv-05870-SI

**ORDER OF DISMISSAL**

Re: Dkt. No. 1

    Petitioner was convicted in Alameda County Superior Court of murder and other crimes, and was sentenced to 84 years to life in prison on December 11, 2015. He then filed a petition for writ of habeas corpus, which is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. This order dismisses the extremely premature petition.

    This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

    The exhaustion rule requires that a prisoner in state custody who wishes to challenge collaterally in federal habeas proceedings either the fact or length of his confinement must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and

every claim he seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations an internal quotation marks omitted). Although the exhaustion requirement is not jurisdictional and instead is a matter of comity, *see Granberry v. Greer*, 481 U.S. 129, 133-34 (1987), a district court generally may not grant relief on an unexhausted claim, *see* 28 U.S.C. § 2254(b)(1).

Petitioner's federal petition for writ of habeas corpus is extremely premature. On the very day his sentence was imposed, he wrote his petition for writ of habeas corpus and sent it to this court. His appeal has not yet been briefed, and it does not appear that any petition for writ of habeas corpus has been filed in or ruled upon by the California Supreme Court. Petitioner has never fairly presented to the California Supreme Court any of the claims that are in his federal petition and therefore has not exhausted any of his claims. The court will not stay the extremely premature fully unexhausted petition. *See Rose v. Lundy*, 455 U.S. at 510.

Under *Rhines v. Weber*, 544 U.S. 269, 277-78), the court may stay a petition while a petitioner returns to state court to exhaust state court remedies. A *Rhines* stay "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory tactics by petitioner. The Ninth Circuit very recently ruled that a petitioner with a fully unexhausted petition might be able to invoke the stay and abeyance procedure in *Rhines*. *See Mena v. Long*, No. 14-55102, slip op. at 3 (9th Cir. Feb. 17, 2016). Petitioner has not sought a *Rhines* stay, nor does such a stay appear necessary because he currently is nowhere near the end of the one-year statute of limitations deadline to file a federal petition for writ of habeas corpus. *See Rhines*, 544 U.S. at 277 (employing the stay and abeyance procedure too frequently "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.") Under the circumstances in this case, where the statute of limitations period has not even started (because petitioner's judgment has not become final upon the conclusion of direct review, *see* 28 U.S.C.

1   § 2244(d)(1)), there is not good cause to support a *Rhines* stay.

2       This action is DISMISSED without prejudice to petitioner filing a new petition after he exhausts state court remedies as to each claim contained in his new petition. Because this action is being dismissed today, petitioner should not file an amended petition in this action after he exhausts state court remedies. Instead, he should file a new petition and leave the case number blank. A new case number will be assigned to the new petition when he returns after exhausting his state court remedies. Petitioner is urged to act diligently to present his claims in state court through direct appeal and, if appropriate, state habeas proceedings, and then file a new federal petition for writ of habeas corpus to avoid being barred by the one-year statute of limitations for federal habeas actions in 28 U.S.C. § 2244(d).

    This action is DISMISSED for the separate and independent reason that petitioner failed to pay the filing fee or submit a completed *in forma pauperis* application.

    The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: February 24, 2016

_____
SUSAN ILLSTON
United States District Judge

3